NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| Christopher J. SAMMUT, | |
| Plaintiff, | Civil No. 18-16650 (RBK/JS) |
| v. | **OPINION** |
| VALENZANO WINERY LLC, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motions to dismiss of several state troopers (Doc. No. 6) and Valenzano Winery LLC (Doc. No. 4) (collectively, "Defendants"). Plaintiff also moves to amend (Doc. No. 10) the Complaint (Doc. No. 1-2 ("Compl.").) For the reasons below, Plaintiff's motion to amend the Complaint is **GRANTED IN PART**, and Defendants' motions to dismiss are **GRANTED IN PART**.

I. BACKGROUND[1]

This case involves an assault of a drunk man by state troopers at a wine tasting festival. Plaintiff Christopher Sammut, who sustained injuries as a result of the officers' conduct, now sues the six state troopers involved and the festival host that overserved him alcohol.

A. The Parties and Wine Tasting

On September 18, 2016, Plaintiff attended a wine tasting festival hosted by Defendant Valenzano Winery LLC, a licensed alcoholic beverage server in Shamong, New Jersey. (Compl.

---

[1] On this motion to dismiss, the Court accepts as true the facts pled in the Complaint and construes them in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

1

at ¶¶ 1, 10.)  Several New Jersey State Troopers also attended the festival, including Sergeant F.E. Lane, Trooper I. Wayne Blanchard, Trooper N.J. Kartalis, Trooper E. Gonzales, Trooper L.E. Morgan, and Trooper G. Crothers (the "State Defendants").  (*Id.* at ¶¶ 2–7, 12.)  At all relevant times, the State Defendants were "employed with the State Police located at 1722 Route 206, Township of Southampton."  (*Id.* at ¶¶ 2–7.)

The Complaint contains few allegations as to what happened at the wine tasting. According to Plaintiff, Valenzano Winery "continued to serve" him alcohol despite his visible intoxication.  (*Id.* at ¶ 27.)  At some point, Troopers Gonzales and Crothers approached Plaintiff and "reported that he was clearly intoxicated."  (*Id.* at ¶ 13.)  Troopers Gonzales and Crothers then asked Plaintiff to leave, though he was leaving anyway.  (*Id.* at ¶ 14.)

Suddenly, Troopers Gonzales and Crothers grabbed Plaintiff by his left arm—leaving marks—and threw him to the ground.  (*Id.* at ¶ 15.)  After Plaintiff landed on his left arm, unspecified "Troopers"—presumably Gonzales and Crothers—knelt on Plaintiff and told him to "relinquish his left arm," which was trapped under his body.  (*Id.* at ¶¶ 15–16.)  But with the Troopers' body weight pressing down on him, Plaintiff could not release his arm as requested. (*Id.* at ¶ 16.)  Those "Troopers" then accused Plaintiff of "resisting as a pretext and assaulted him" in an unspecified manner.  (*Id.* at ¶ 17.)  This injured Plaintiff's arm.  (*Id.* at ¶ 18.)

Eventually, the unspecified "Troopers," potentially Gonzales and Crothers, took Plaintiff to their car to drive to the police station when another altercation ensued.  (*Id.* at ¶¶ 18–19.) Without explanation, the unspecified "Troopers" pulled the car over, got out, opened the door, and punched Plaintiff, who complained that his handcuffs were too tight.  (*Id.* at ¶ 19.) Elsewhere in the Complaint, Plaintiff alleges that all of the State Defendants assaulted, injured,

searched, arrested, and detained him, claimed that he resisted arrest, and used excessive force against him. (*Id.* at ¶¶ 21–23.)

### B. Procedural History

Thereafter, Plaintiff sued Defendants in state court, and Defendants removed the matter to this Court. (Doc. No. 1, Notice of Removal at ¶¶ 6–12.) In the Complaint, Plaintiff asserted two claims, one against the State Defendants under 42 U.S.C. § 1983 for allegedly violating his Fourteenth and Eighth Amendment rights (Count I), and another against Valenzano Winery under New Jersey's Dram Shop Act (Count II) for failing to protect him from the injuries the State Defendants caused. (Compl. at ¶¶ 24–30.)

Neither the caption nor the body of the Complaint clearly specifies whether Plaintiff sues the State Defendants in their individual capacities, official capacities, or both. Indeed, both the caption and body of the Complaint refer to the State Defendants with their official job titles. (*Id.* at ¶¶ 2–7, 12.) The caption, however, indicates that Plaintiff sues all Defendants "individually" and "jointly and severally," and in the body, Plaintiff requests compensatory damages, attorneys' fees, interest, and the cost of his suit from all Defendants. (*Id.* at ¶¶ 24, 30.)

The State Defendants and Valenzano Winery now move to dismiss Plaintiff's Complaint. (Doc. Nos. 4, 6.) In response, Plaintiff moved to amend the Complaint (Doc. No. 10) and attached a proposed Amended Complaint (Doc. No. 10-1).

Plaintiff's proposed Amended Complaint is largely identical to Plaintiff's initial Complaint.[2] Plaintiff adds no new allegations regarding Valenzano Winery and only two new

---

[2] Plaintiff complicated the Court's task in assessing his proposed Amended Complaint because he failed to comply with Local Civil Rule 15.1. That rule requires a party who seeks leave to amend a pleading to attach a form of the amended pleading that indicates how it differs from the pleading it proposes to amend by bracketing or striking through deleted material and underlining added material. *See* L. Civ. R. 15.1(a)(2). Although the Court has compared the short pleadings

3

allegations regarding the State Defendants: that the State Defendants' conduct was "ultra vires beyond the[ir] official duties" and that their conduct constitutes "criminal acts." (Doc. No. 10-1 at ¶¶ 20–21.) The proposed Amended Complaint, however, still does not clearly indicate if Plaintiff sues the State Defendants in their official capacities, individual capacities, or both. (*See generally* Doc. No. 10-1.)

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips*, 515 F.3d at 233). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In making this determination, the court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675–79 (2009)). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at

---

to identify their differences here, Plaintiff must comply with the Local Rules in all future filings. If Plaintiff ignores them, he does so at his own peril. *See A.B. v. Vineland Bd. of Educ.*, No. 17-cv-11509, 2019 WL 2354609, at *5 (D.N.J. June 4, 2019) (dismissing claim because plaintiff "did not properly indicate how the Amended Complaint differs from her original one" as required by Local Civil Rule 15.1).

679). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive a motion to dismiss when a court can only infer that a claim is merely possible rather than plausible. *Id.*

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) allows a party to amend his pleading in certain circumstances, including with the Court's leave. *See Glaspie v. Cty. of Gloucester*, No. 15-cv-7691, 2018 WL 4179461, at *3 (D.N.J. Aug. 31, 2018). Although the Court should grant leave freely when justice so requires, that decision is left to the Court's discretion. *See Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). The Court may deny leave to amend if the amendment is futile, meaning that the complaint, as amended, fails to state a claim under the Rule 12(b)(6) standard. *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010).

## III. DISCUSSION

The Court need only address Plaintiff's motion to amend to resolve all pending motions. That is because the State Defendants and Valenzano Winery contend that the same defects in Plaintiff's original Complaint prevent the Court from granting Plaintiff's motion for leave to file the proposed Amended Complaint. (Doc. No. 12 at 2; Doc. No. 11 at 1–2.) Accordingly, the Court begins with the State Defendants' arguments for dismissal and against amendment, followed by Valenzano's. Only Count I survives.

### A. State Defendants

The State Defendants' arguments against amendment and for dismissing Count I are based on Plaintiff's failure to specify whether he sued them in their official or individual capacities. Under the Eleventh Amendment, suits for damages against state officials in their official capacities are generally barred, but such suits against state officials in their individual or personal capacities are not. *See Harris v. Zyskowski*, No. 12-cv-7191, 2013 WL 6669186, at *3 (D.N.J. Dec. 18, 2013). A closely related principle exists under Section 1983. That principle bars suits against state officials in their official capacities because those suits are really suits against the State, and the State is not a "person" amenable to suit under Section 1983. *See Lampon-Paz v. Dep't of Justice*, No. 16-cv-9071, 2019 WL 2098831, at *8 (D.N.J. May 14, 2019).

According to the State Defendants, these principles bar Count I because Plaintiff sued them for damages in their official capacities only. (Doc. No. 6 at 5; Doc. No. 12 at 2.) In their view, the pleadings refer to them only with their official job titles, and "nowhere" in Plaintiff's proposed Amended Complaint does Plaintiff suggest that he is suing the State Defendants in their individual capacities. (*Id.*) To be sure, the Complaint could be clearer. But the Court disagrees.

To determine if a plaintiff sued a defendant in his personal capacity, official capacity, or both, the Third Circuit "look[s] to the complaint and the course of proceedings." *See Atwell v. Schweiker*, 274 F. App'x 116, 118 (3d Cir. 2007) (citing *Melo v. Hafer*, 912 F.2d 628, 635 (3d Cir. 1990)). Under this test, "courts are not limited by the presence or absence of language identifying capacity to suit on the face of the complaint alone." *Casilla v. New Jersey State Prison*, No. 05-cv-4590, 2006 WL 2534416, at *7 n.3 (D.N.J. Aug. 31, 2006). Instead, courts

may examine "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity." *Id.* (citing *Moore v. City of Harriman*, 272 F.3d 769, 772 n.1 (6th Cir. 2001)). Courts may also consider if the plaintiff "sued, and only requested damages from, the official and not the state." *Atwell*, 274 F. App'x at 118. The "underlying inquiry," however, is "whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Casilla*, 2006 WL 2534416, at *7 n.3 (citing *Biggs v. Meadows*, 66 F.3d 56, 59–60 (4th Cir. 1995)); *see also Kade v. Workie*, 238 F. Supp. 3d 625, 631 (D. Del. 2017) (applying same test).

Here, the Complaint, the proposed Amended Complaint, and the course of proceedings fairly reveal Plaintiff's intention to hold the State Defendants personally liable. The nature of Plaintiff's claims, for example, strongly suggest that Plaintiff sued the State Defendants in their individual capacities because Plaintiff alleges that the State Defendants assaulted him and engaged in criminal, ultra vires acts. *See Kade*, 238 F. Supp. 3d at 631 (finding that intentionally tortious conduct "strongly suggests" individual capacity claims); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 700 (D.N.J. 2014) (rejecting Eleventh Amendment argument and finding that the complaint's allegations suggested that the defendants "acted outside the scope of their employment and would therefore be personally liable for damages under Section 1983").

Plaintiff's request for damages further supports this conclusion. Although Plaintiff does not seek punitive damages, he does seek compensatory damages. This suggests that he sued the State Defendants in their individual capacities, for "[i]t is well-established . . . that § 1983 does not provide for damages claims against state agencies or state officials in their official capacities." *Kearney v. Bayside State Prison Admin.*, No. 17-cv-6269, 2018 WL 3122325, at *4 (D.N.J. June 26, 2018). Plaintiff has also not sued the State of New Jersey, a fact that has

assisted the Third Circuit in finding that a plaintiff asserted individual capacity claims. *See Atwell*, 274 F. App'x at 118.

To be sure, some aspects of this case support the State Defendants' view that Plaintiff brings official capacity claims. Specifically, Plaintiff identifies the State Defendants by their job titles in the caption and body of the Complaint and proposed Amended Complaint. *See Gass v. NJ Div. of Youth & Family Servs.*, No. 09-cv-928, 2009 WL 2878456, at *2 (D.N.J. Sept. 2, 2009) (noting that the plaintiff's "specification of defendants' job titles in the caption and body of her complaint . . . evidences that plaintiff is suing the individual defendants in their official capacities").

But mere use of job titles does not carry the day. As noted in *Casilla*, such language is not dispositive. *See Casilla*, 2006 WL 2534416, at *7 n.3. And in addition to the aspects noted above, parts of the caption, coupled with Plaintiff's representations, further suggest that Plaintiff brought individual capacity claims. Specifically, the caption states that the State Defendants are liable "individually," and Plaintiff represented in his brief that he used the Troopers' official titles simply to "identify each perpetrator." (Doc. No. 10-1 at 5.) The State Defendants discuss neither point and the Court sees no reason to doubt Plaintiff's assertions. *See Stolinski v. Pennypacker*, No. 11-cv-4378, 2012 WL 1715284, at *2 (D.N.J. May 14, 2012) ("In light of Plaintiff's representation that he intended only to seek damages from individuals and prospective injunctive relief from the state and officials, the Court will read the Complaint consistent with that representation.").

At bottom, the pleadings and Plaintiff's representation in the course of the proceedings fairly alerted the State Defendants that he intended to sue them personally. Because the State Defendants advance no other reason to suggest that Plaintiff's proposed Amended Complaint is

deficient,[3] Plaintiff's motion to amend is granted as to the claims against the State Defendants, and the State Defendants' motion to dismiss is denied.

Plaintiff, however, shall file a Second Amended Complaint—consistent with Local Civil Rule 15.1—on or before July 1, 2019, clearly alleging that he asserts Count I against the State Defendants in their individual capacities. *See Atwell*, 274 F. App'x at 118 ("[T]he plaintiffs should have been able to amend their complaint to resolve any ambiguity after they asserted in the district court that they sued the official in her individual capacity."). At that time, Plaintiff should also clarify what specific actions each of the State Defendants took and how they personally participated in the conduct alleged.

### B. Valenzano Winery

Unlike Count I, Count II is dismissed. In Count II, Plaintiff alleges that Valenzano violated New Jersey's Dram Shop Act, N.J.S.A. 2A:22A–1, et seq. by failing to protect him from the injuries the State Defendants caused.

Under the Dram Shop Act, a person who sustains personal injury as a result of the negligent service of alcoholic beverages by a licensed alcoholic beverage server may recover damages from that server if: (1) the server negligently served alcohol to a visibly intoxicated person; (2) the injury or damage was proximately caused by the negligent service; and (3) the injury or damage was a foreseeable consequence of the negligent service. *See Resnicoff v. Donaldson*, No. 11-cv-6473, 2012 WL 4339551, at *2–3 (D.N.J. Sept. 20, 2012) (citing N.J.S.A. 2A:22A–5).

---

[3] *See Robinson v. Drug Court, Dep't of Corr.*, No. 17-cv-7135, 2019 WL 1987051, at *2 (D.N.J. May 6, 2019) ("In a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the defendant bears the burden of showing that no claim has been presented.").

9

Here, Plaintiff's proposed Amended Complaint, which adds no allegations relevant to Valenzano, fails to plausibly allege that Valenzano violated the Dram Shop Act. Plaintiff simply alleges that Valenzano is licensed to sell alcohol and continued to serve him, even though he was visibly intoxicated. (Doc. No. 10-1 at ¶¶ 28–33.) Plaintiff alleges nothing else. Because conclusory allegations and threadbare recitals of the Dram Shop Act's elements are not sufficient, Plaintiff's motion to amend its claim against Valenzano is denied, and Count II is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the Complaint is **GRANTED IN PART**. Valenzano's motion to dismiss is **GRANTED** and Count II is dismissed. The State Defendants' motion to dismiss Count I is **DENIED**.

Plaintiff shall file a Second Amended Complaint on or before July 1, 2019 to clarify that he asserts individual capacity claims against the State Defendants, and at that time, should also specify what specific actions each of the State Defendants took and how they personally participated in the conduct alleged. In that filing, Plaintiff may amend his claims against Valenzano, if he so chooses.

Dated: 6/17/2019 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge